## BRAND, Executrix, vs. BUTLER.

*Depositions, when rejected.*

1. Under R. S., ch. 137, sec. 53 (Tay. Stats., 1601, § 78), and prior to the act of 1867·(Tay. Stats., 1602, § 79), a *party* to an action could have his deposition taken, to be used therein, only in case he resided out of the state, or more than thirty miles from the place of trial.
2. A deposition of the plaintiff in this case was taken *before* the passage of the act of 1867, upon a notice which did not state the reason for taking it; but the certificate of the justice before whom it was taken, states that the reason was, that the witness was about to leave the state, and not to return, etc. The defendant did not appear at the taking thereof, nor otherwise waive his rights. *Held*, that the deposition was properly rejected.
3. Sec. 4, ch. 267, Laws of 1864, which provides that "an unimportant deviation from any direction or law relative to taking depositions shall not cause any deposition to be excluded, where no substantial prejudice would be done to the opposite party," does not apply to a case where there was no authority to take the deposition at all.

APPEAL from the Circuit Court for *Fond du Lac* County.

This action was brought by William B. Brand, the plaintiff's testate, in his life-time, to foreclose a certain mortgage owned by him and executed by the defendant, upon which a balance

is claimed to be due and unpaid. It is admitted that the testator discharged the mortgage of record, and delivered the same, together with the note which it was given to secure, to the defendant; but it is claimed that this was done through a mistake in the computation of the amount due thereon, by means of which the testator was led to believe that the debt secured by the mortgage was fully paid, when, in fact, a large sum remained due and unpaid thereon. After this action was commenced, the deposition of the testator was taken, to be used therein, before a justice of the peace of Fond du Lac county, on notice which fails to state the reasons for taking such deposition. The certificate of the justice appended thereto, states that the reason for taking it was, "that the said witness, Wm. B. Brand, was about to leave the state not to return in time for the trial of said action." The defendant did not appear at the taking of such deposition. The same was taken November 24th, 1864. This deposition was offered in evidence by the plaintiff, but certain objections taken thereto in writing, on behalf of the defendant, before the commencement of the trial, were sustained by the court, and the deposition was rejected.

The court found that there was no error in the computation or accounting of the amount due on the mortgage, and gave judgment for the defendant for costs; from which the plaintiff appealed.

  *Gillet & Taylor*, for appellant.

  *A. M. Blair*, contra.

LYON, J. Although considerable testimony was introduced upon the trial of this action, yet it is clear that the testimony which was received is insufficient to prove that the computation, upon the faith of which the testator discharged and surrendered the mortgage in question, was erroneous. This was frankly conceded by the learned counsel for the appellant, on the argument of the cause in this court. Hence the judgment of the circuit court should not be disturbed, unless the deposition of

the testator (which tends to show that such computation was erroneous) was improperly rejected.

Several specific objections were taken to the deposition, one of which was, that the statutes of this state did not, when the same was taken, authorize the taking of the deposition of a party on his own behalf merely because such party was about to leave the state not to return thereto in time for the trial of the action. We think that this objection must prevail. When the deposition was taken, the only authority for taking the deposition of a party on his own behalf, was given by R. S., 1858, ch., 137, Sec. 53, which provided as follows: "Any party to an action or proceeding who resides out of. this state or more than thirty miles from the place of trial, may have his deposition taken to be used on such trial, and in the same manner and subject to the same rules, as is provided by law for taking the depositions of other witnesses." Tay. Stats., 1601, § 78. The enactment of this section shows that the legislature, when it allowed parties to actions to become witnesses in their own behalf, did not intend thereby to place them on the same footing with witnesses not parties, in respect to the right to testify by deposition, but only to allow such parties to give their depositions in the two cases specified in the section. Hence a party to an action who resided in this state and within thirty miles of the place of trial, could only be a witness in his own behalf by appearing and testifying on the trial. In 1867, and long after this deposition was taken, the law was changed, and parties were placed upon the same footing as other witnesses as regards the taking or giving of their depositions. Tay. Stats., 1602, § 79. This statute does not, however, affect depositions taken before the enactment thereof.

The deposition having been taken without authority of law, and the defendant having entirely disregarded the notice of the taking thereof, as he lawfully might, and having abstained from cross-examining the deponent, the deposition cannot be saved under the provisions of the law of 1864, ch. 267, sec. 4,

for the reason that it cannot be correctly said that the taking of this deposition was only an unimportant deviation from the directions of the law in that behalf. Neither can we say that the defendant would not be substantially prejudiced by the admission of the deposition in evidence. The law above mentioned was evidently intended to cure mere formal defects in certain cases, in the taking of depositions, and not to render depositions taken without authority of law admissible as evidence. The provision is as follows: "An unimportant deviation from any direction or law relative to taking depositions, shall not cause any deposition to be excluded where no substantial prejudice would be done to the opposite party."

These views render it quite unnecessary to notice the other objections to the deposition of the testator.

*By the Court.*—The judgment of the circuit court is affirmed.